# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

GLOBAL BROTHER SRL,

    Plaintiff,

v.

Ashirvad TOMAR and DIJURA PTY LTD, d/b/a BOOKSDELI and DRONESDELI,

    Defendants.

C.A. No. 25-_____

## COMPLAINT

Global Brother SRL ("Plaintiff"), by and through its undersigned counsel, files this Complaint against Ashirvad TOMAR and Dijura Pty Ltd. (d/b/a BOOKSDELI and DRONESDELI)("Defendants"), and alleges as follows:

## NATURE OF THE ACTION

This is a civil action for copyright infringement and related claims arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. and for associated intellectual property and business violations according to federal and state law. Plaintiff brings this action to address the unauthorized reproduction, distribution, and public display of its protected works by Defendants in interstate commerce.

1.  Plaintiff is a worldwide publisher of popular books and titles and has invested substantial resources in creating intellectual property rights and distributing same, i.e., materials, namely books protected by copyright, trademark/trade dress, and intellectual property rights. Defendants, without authorization or license, engaged and engage in unauthorized use, advertising and dissemination of Plaintiff's works through various online platforms and other means (not limited to but including Shopify), thereby misrepresenting their rights and misleading

consumers, causing financial and reputational harm to Plaintiff.

2. Through this action, Plaintiff seeks to protect its exclusive rights under federal and state laws and prevent further harm caused by Defendants' ongoing infringement. Plaintiff seeks injunctive relief, statutory damages, actual damages, attorneys' fees, and any other relief the Court deems just and proper to remedy the harm caused by Defendants' conduct.

## JURISDICTION AND VENUE

3. This Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the claims arise under the Constitution, laws, or treaties of the United States, including but not limited to the Copyright Act (17 U.S.C. § 101 et seq.) and the Lanham Act (15 U.S.C. § 1051 et seq.).

4. This Court further has exclusive jurisdiction over the claims arising under federal copyright and trademark law under 28 U.S.C. § 1338(a), which grants original jurisdiction to federal district courts for all civil actions arising under any Act of Congress relating to copyrights, trademarks, or unfair competition.

5. This Court also has jurisdiction under 15 U.S.C. § 1121, which provides that the district and territorial courts of the United States shall have original jurisdiction over all actions arising under the Lanham Act.

6. This Court additionally has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) as Defendants conduct substantial business in this District, have substantial contacts in this District, and events giving rise to this action occurred within this District. Defendants direct unlawful activities

toward this District, including conducting business, advertising, selling, and/or distributing infringing products within this District.

8. Defendants are subject to this Court's jurisdiction because, pursuant to the Digital Millennium Copyright Act (DMCA) counter-notice, Defendants' are located outside of the United States and consent to the jurisdiction of the Federal District Court for the District of Delaware. By voluntarily submitting a counter-notice to Shopify regarding its infringing listings, Defendants expressly consented to jurisdiction in this District.

## PARTIES

9. Plaintiff, Global Brother SRL, is a Romanian Societate cu Raspundere Limitata (SRL) organized and existing under the laws of Romania, with its principal place of business located at Ghiozdanului 22A Lighthouse Residence, Bucharest, Romania. Plaintiff is engaged in the business of publishing, selling, distributing, and advertising books in the United States and internationally. Plaintiff owns and holds all rights, title, and interest in and to the intellectual property associated with books titled "HOLISTIC GUIDE TO WELLNESS," "LOST BOOK OF HERBAL REMEDIES," and "FORGOTTEN HOME APOTHECARY," including but not limited to the books' copyrights, trade dress, common law trademark, and related intellectual property law rights.

10. Upon information and belief, defendant Ashirvad Tomar ("Tomar") is an individual with the address 697 Waverley Road, Glen Waverley, VIC 3150, Australia.

11. Upon information and belief defendant Dijura Pty Ltd. ("Dijura") is an Australian Proprietary Company also registered in Glen Waverly VIC 3150, Australia. Dijura is registered with the Australian government as doing business under the names "BooksDeli" and "DronesDeli." Tomar and Dijura (collectively, "Defendants") are in the business of advertising and selling, among other things, books, and Defendants have participated in, directed, or

3

benefited from the unlawful activities described in this complaint, including the unauthorized sale, reproduction, and distribution of Plaintiff's protected books.

12. Defendants, through the website https://www.booksdeli.com, engage in unlawful sale and distribution of infringing materials, including, but not limited to, Plaintiff's works titled "HOLISTIC GUIDE TO WELLNESS," "LOST BOOK OF HERBAL REMEDIES," and "FORGOTTEN HOME APOTHECARY" as being offered and offered for sale, for example at the following,

"HOLISTIC GUIDE TO WELLNESS"

https://shop.app/products/8507650703517?variantId=46211901587613

"LOST BOOK OF HERBAL REMEDIES"

https://shop.app/products/8423652262045?variantId=45862518784157

"FORGOTTEN HOME APOTHECARY"

https://booksdeli.com/products/forgotten-home-apothecary-discover-potent-remedies-for-everyday-ailments-9781300810629?_pos=1&_sid=339bf6a36&_ss=r

13. The website https://www.booksdeli.com is used to advertise and sell books and other goods in interstate commerce, including the infringing materials described herein. Defendants' infringing products are unauthorized copies offending Plaintiff's protected intellectual property in every aspect, including trade dress, overall visual appearance, and unique combination of elements.

**FACTUAL BACKGROUND**

14. Plaintiff is the exclusive owner of all rights, title, and interest in and to books titled, "HOLISTIC GUIDE TO WELLNESS," "LOST BOOK OF HERBAL REMEDIES," and "FORGOTTEN HOME APOTHECARY" as based on, but not limited to its registered copyrights, common law trademark rights, and distinctive trade dress, including,

- TRADEMARK: Plaintiff has acquired common law trademark rights in the title and cover "HOLISTIC GUIDE TO WELLNESS," "LOST BOOK OF HERBAL REMEDIES," and "FORGOTTEN HOME APOTHECARY" through continuous and extensive use in commerce, resulting in strong consumer recognition.

- TRADE DRESS: Plaintiff's trade dress includes a distinctive design comprising its titles, layouts, font styles, color schemes, and associated imagery. Its trade dress are inherently distinctive and acquired secondary meaning in the marketplace, signifying to consumers that the associated products, books, originate from Plaintiff.

- COPYRIGHT: Plaintiff owns non-U.S. and U.S. Copyright Registrations, attached hereto as Exhibit A, for "HOLISTIC GUIDE TO WELLNESS" (Ex. A at A-1, TX0009246277, VA0002425155), "LOST BOOK OF HERBAL REMEDIES" (*id.* at A-2, TX0009021932, VA0002369247), and "FORGOTTEN HOME APOTHECARY" (*id.* at A-3, TXu002445163, TXu002446715, VAu001533601, VAu001538856) for inter alia, the books, text, artwork as in attached U.S. Copyright Office records).

15. The books:

(A) "HOLISTIC GUIDE TO WELLNESS" comprises:

a cover that has a green background with gold ornamental borders and design elements. At the top, there is a decorative gold-bordered banner containing the book title, written in large, bold, gold serif font. Above the title, there is a green icon featuring three leaves. The cover is divided into multiple sections. Below the title, there is a central image of a stylized human figure in gold with internal leaf-like illustrations overlaid on the body, symbolizing holistic wellness and natural healing. Surrounding this central figure, four photographic images are arranged in a grid format: The top left image shows a glass jar filled with a golden liquid, possibly an herbal

tincture or infused oil; The top right image depicts a close-up of a hand holding small, round, reddish-brown fruits or seeds, with green foliage in the background; The bottom left image presents green medicinal plants growing in a natural setting; and, The bottom right image displays three glass jars containing different dried herbs or botanical materials. The lower section of the cover contains the subtitle "Herbal Protocols for Common Ailments," written in gold serif font, followed by the author's name, "Nicole Apelian, Ph.D.," also in gold.



(B)     "LOST BOOK OF HERBAL REMEDIES" comprises:

a green textured background that mimics the look of traditional bookbinding. Overlaying the background is gold ornamental lattice pattern, consisting of evenly spaced diamond-shaped borders enclosing stylized botanical motifs. At the center, a gold-bordered oval frame encloses the title, The Lost Book of Herbal Remedies, displayed in serif typeface with gold lettering.

Below the title, the subtitle, The Healing Power of Plant Medicine, is positioned in a smaller, complementary serif font, followed by the authors' names, Nicole Apelian, Ph.D., & Claude Davis, in the same gold serif typography. A detailed, hand-drawn botanical illustration of a leaf is featured between the title and the authors' names.



(C) "FORGOTTEN HOME APOTHECARY" comprises:

a rich, dark wooden frame intricately carved with floral and botanical patterns, evoking an antique, handcrafted appearance. The background consists of a detailed, photorealistic depiction of an old-fashioned apothecary shelf, filled with vintage glass bottles, herbal remedies, mortar and pestles, dried flowers, and medicinal jars, arranged meticulously to create a sense of authenticity and nostalgia associated with traditional herbal medicine. At the center, an ornate label in soft yellow and red hues serves as the focal point, bordered with decorative flourishes reminiscent of old apothecary signage. The book's title, Forgotten Home Apothecary, is

displayed in a bold serif font with a vintage-styled ribbon banner, with "Apothecary" emphasized in large, capitalized red letters outlined in gold, reinforcing the theme of historical herbal remedies. Below, the subtitle, 250 Powerful Remedies at Your Fingertips, is presented in a smaller, serif font in green and gold, complementing the antique aesthetic. Above the title, additional decorative elements, including small botanical illustrations and flourishes, further enhance the thematic connection to herbal medicine. At the bottom of the cover, the author's name, Nicole Apelian, Ph.D., is subtly placed in a gold serif font, integrated seamlessly into the carved wooden border.



16.     Plaintiff's books have been extensively marketed, distributed, and sold in the United States since at least as early as 2023, generating substantial consumer recognition and goodwill. As a result of this continuous use and promotion, Plaintiff has established enforceable

trademark rights in the content, title, design, and trade dress of the books.

17. On or about January 28, 2025, Plaintiff discovered Defendants were advertising and selling counterfeit, unauthorized versions of:

"HOLISTIC GUIDE TO WELLNESS" at,

https://shop.app/products/8507650703517?variantId=46211901587613, "LOST BOOK OF "HERBAL REMEDIES" at,

https://shop.app/products/8423652262045?variantId=45862518784157,

and "FORGOTTEN HOME APOTHECARY" at,

https://booksdeli.com/products/forgotten-home-apothecary-discover-potent-remedies-for-everyday-ailments-9781300810629?_pos=1&_sid=339bf6a36&_ss=r

18. The foregoing unauthorized use is an exact copy, replicates and mimics Plaintiff's intellectual property, including the book's distinctive trade dress and copyrighted artistic elements, creating a false impression of affiliation. The fact it is a direct copying/duplicate establishes Defendants intentionally sought to mislead consumers and profit from Plaintiff's goodwill, constituting trade dress infringement, copyright infringement, and false designation of origin.

19. To safeguard its intellectual property rights and mitigate consumer confusion, on or about December 17, 202, Plaintiff filed a Digital Millennium Copyright Act (DMCA) takedown notices with Shopify regarding the unauthorized content (Ticket IDs:-10842c4d-4148-42af-aa73-de54bf2ee4bf; cb766a35-a598-4a76-9068-928c06a57446, and 299397aa-1703-44dc-95c1-0312aec9c938 ). Following its complaint, the Defendants' infringing advertisement was suspended. (Exhibit B).

20. On or about February 3, 2025, Ashirvad Tomar on behalf of Booksdeli.com, filed

a DMCA Counter-Notice to Shopify, falsely claiming that the takedown was made in error and asserting a "good faith belief" that their actions were lawful. Under Shopify's policy, the infringing advertisement may be reinstated unless Plaintiff files a federal lawsuit. (Exhibit C).

21. On February 5, 2025, Plaintiff sent a correspondence to Defendants confirming Plaintiff's ownership and requesting information from Defendants in order to attempt to begin facilitating resolution and avoid litigation. Rather than engaging in good-faith discussions, Defendants refused to provide any documentation supporting its claim of lawful use. Instead, Defendants asserted an unfounded right to continue selling the infringing books, demonstrating a calculated strategy to evade liability and force Plaintiff into costly litigation.

22. Upon information and belief, Defendants have engaged and continue to engage in additional infringements beyond those presently known to Plaintiff. Further discovery will reveal the full scope of Defendants' infringing activities, including additional unauthorized reproductions, sales, and operations Defendants have not disclosed, which may include the following image.



23. Defendants' actions leave Plaintiff no alternative but to initiate this lawsuit to prevent ongoing harm and seek damages. Defendants' wrongful acts, including but not limited to copyright infringement, trademark and trade dress infringement, and false advertising, have caused irreparable harm to Plaintiff's reputation, consumer goodwill, and financial interests. Plaintiff has suffered and will continue to suffer substantial damages unless Defendants are enjoined by the court.

## CLAIMS FOR RELIEF

## COUNT I

## COPYRIGHT INFRINGEMENT

### [17 U.S.C. § 501]

24. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

25. Plaintiff is the lawful owner of valid and enforceable U.S. Copyright Registrations for the book, its contents and cover artwork, which confer exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, display, and create derivative works based on the copyrighted materials.

26. Defendants, without authorization or consent, have willfully and unlawfully reproduced, distributed, and displayed counterfeits and/or unauthorized copies of Plaintiff's copyrighted materials in violation of 17 U.S.C. § 501 continuously from the time beginning from at least as early as before December 17, 2024 to the present. Acts of infringement occurred after the Plaintiff received its copyright registrations.

27. Defendants' actions constitute willful infringement as defined under the Copyright Act, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c). Under 17 U.S.C. § 505, Plaintiff seeks recovery of its attorneys' fees, costs, and expenses incurred in

this action because of the Defendants' infringing activities.

28.	As a direct and proximate result of Defendants' infringing acts, Plaintiff has suffered and will continue to suffer irreparable harm and economic damages for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, the foregoing infringing acts will continue to cause irreparable injury to Plaintiff who has no adequate remedy at law.

29.	Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting further importing, advertising, using, making, or infringing the protections under Global Brother U.S. Copyright Registrations, and ordering all unauthorized copies that shall exist, to be destroyed or forfeited.

## COUNT II

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

### [15 U.S.C. § 1125(a)]

30.	Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

31.	Plaintiff owns enforceable common law trademarks and trade dress rights in and to the non-functional, unique designs of its books, covers, and titles (the trade dress and title marks collectively referred to as "Plaintiffs Trademarks").

32.	The Plaintiff's Trademarks have been in continuous use in U.S. interstate commerce by Plaintiff prior to any date which can be legally claimed by Defendants.

33.	Plaintiff's Trademarks are inherently distinctive and/or have acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use in U.S. commerce. Consumers associate the unique titles, unique pattern-design of the books as

originating exclusively from Plaintiff.

34. Defendants' unauthorized use of Plaintiff's trade dress, titles, and overall designs constitutes false misleading representations of fact that is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval, false description, and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

35. As a direct and proximate result of the foregoing acts, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, royalties, and other damages in an amount to be determined at trial, and continues to suffer irreparable harm, loss of goodwill, and monetary damages as a direct result of Defendants' unfair competition.

36. Plaintiff seeks damages, including Defendants' profits, actual damages, and costs, pursuant to 15 U.S.C. § 1117(a), as well as injunctive relief to prevent further acts of unfair competition. And because Defendants' acts were willful, this is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT III

## MISREPRESENTATION, COUNTER-NOTICE

## [17 U.S.C. § 512(F)]

37. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

38. Defendants knowingly and materially misrepresented their rights to distribute and display the infringing books in the counter-notice.

39. Defendants' false assertions in the counter-notices constitute a violation of 17 U.S.C. § 512(f), as they acted with actual knowledge of the falsity of their claims or reckless disregard for the truth.

40. As a result of Defendants' misrepresentations, Plaintiff suffered and will continue to suffer damages, including but not limited to costs and attorneys' fees incurred in addressing Defendants' unlawful conduct including but not limited to having to file this complaint.

## COUNT IV

## VIOLATIONS OF DELAWARE

## DECEPTIVE TRADE PRACTICES ACT

### [6 *Del. C.* §§ 2531 et seq.]

41. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

42. Delaware's Deceptive Trade Practices Act (DTPA), 6 *Del. C.* §§ 2531 et seq., prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. The statute is designed to protect consumers and legitimate business entities from harm caused by unfair business practices and deceptive trade acts.

43. Defendants engaged in conduct that violates 6 *Del. C.* § 2532(a) by advertising, offering for sale, selling, distributing, and attempting to distribute counterfeit and unauthorized versions of Plaintiff's books. This conduct is unfair and deceptive at least because,

   a. Deceptive Representation of Origin: Defendants deliberately replicated the title, trade dress, and cover design of Plaintiff's books, misleading consumers into believing the infringing book(s) is either affiliated with, authorized by, or a genuine product of Plaintiff.

   b. False and Misleading Advertising: Defendants used deceptive advertisements that prominently displayed a counterfeit version of Plaintiff's books, creating confusion among consumers about the source and quality of the product.

   c. Use of a Knockoff Product to Mislead Consumers: Defendants mimicked

Plaintiff's distinctive trade dress and design to unlawfully capitalize on the goodwill, reputation, and established consumer trust associated with Plaintiff's books.

      d.      Intentional Consumer Confusion: Defendants' tactics were designed to confuse consumers while evading detection by Plaintiff and online platforms.

      e.      Harm to Consumers: Consumers who purchased the infringing books received a counterfeit product that was not authorized or endorsed by Plaintiff. This deception caused consumers to suffer financial loss and diminished trust in Plaintiff's brand.

44.      To preserve the integrity of evidence, Plaintiff seeks an injunction to preserve all potentially relevant electronic evidence, including, but not limited to:

      a.      Data from Shopify accounts, including sales records, customer communications, and financial transactions related to the infringing books;

      b.      All financial records connected to the infringing books, including revenue, expenses, and profit calculations;

      c.      Design files, production records, and any related communications concerning the development or manufacture of the infringing books;

      d.      Customer communications and data, including complaints, inquiries, or feedback regarding the infringing books;

      e.      Records of supplier and distributor relationships, including financial data and agreements.

45.      As a direct and proximate result of Defendants' acts and practices, Plaintiff has suffered significant harm, including but not limited to loss of sales and market share due to diverted business, damage to reputation and goodwill, and consumer confusion that undermines trust in Plaintiff's authentic products.

46. Plaintiff is entitled to recover actual damages incurred as a result of Defendants' unfair competition, including compensation for lost revenue, reputational harm, and other economic injuries. Given the willful and knowing nature of Defendants' misconduct, Plaintiff is entitled to treble damages.

47. Plaintiff further seeks equitable relief under Delaware law, including injunctive relief pursuant to 6. *Del. C.* § 2533(a) to prevent Defendants from engaging in further deceptive and unfair practices. Such relief is necessary to safeguard Plaintiff's business interests and to protect consumers from ongoing harm.

48. Pursuant to 6 *Del. C.* § 2533(b), Plaintiff also seeks recovery of its attorneys' fees and costs incurred in prosecuting this action, as Defendants' conduct constitutes a willful and knowing violation of the State laws.

## COUNT V

## UNJUST ENRICHMENT

49. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. By capitalizing on Plaintiff's intellectual property and goodwill, Defendants unjustly obtained and continues to obtain benefit, including but not limited to: Revenue generated from the sale of counterfeit books; Cost savings by avoiding investment in original design, marketing, and branding efforts; and Consumer trust and market recognition built upon Plaintiff's established reputation.

51. Plaintiff has suffered and continues to suffer significant harm, including Loss of revenue and market share due to diverted sales; Reputational harm caused by consumer confusion; and Diminished goodwill in the marketplace.

52. Plaintiff's loss is a direct and proximate result of Defendants conduct in capitalizing on Plaintiff's intellectual property and goodwill.

53. There is no justification for Defendants' conduct. Plaintiff never authorized Defendants to use its intellectual property or to benefit from its reputation and goodwill. In addition, Defendants knew or should have known that their actions were unauthorized, unlawful, and performed directly at Plaintiff's expense. Prior to filing a counter-notice Defendants should have investigated the dispute. Instead, with wanton disregard Defendants filed a counter-notice, acted willfully and deliberately to exploit Plaintiff's intellectual property for financial gain, with full knowledge it had no right to do so.

54. Plaintiff has no adequate remedy at law to compensate it for the detriment caused by Defendants' conduct.

## COUNT VI

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

55. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. Plaintiff has established and has ongoing business relationships with its customers, distributors, and online retailers, where Plaintiff's books are sold. These relationships are built on trust, reputation, and consistent delivery of authentic, high-quality products.

57. Defendants, with knowledge of these relationships, intentionally and unjustifiably interfered by introducing counterfeit goods into the market, diverting sales and eroding consumer trust in Plaintiff's authentic product.

58. Defendants were aware, or should have been aware, of Plaintiff's business relationships and the goodwill associated with its intellectual property. This knowledge is

evidenced by Defendants' deliberate replication of Plaintiff's titles, trade dress, and book designs to target and exploit Plaintiff's customer base and online retail channels.

59. Defendants intentionally and unjustifiably interfered with Plaintiff's business relationships by engaging in the following actions: Advertising and selling counterfeit versions of Plaintiff's books, thereby diverting sales from Plaintiff's legitimate products; Creating consumer confusion by mimicking Plaintiff's trade dress and titles, leading customers to believe they were purchasing Plaintiff's authentic products; Filing a counter-notice to reinstate infringing listing, undermining Plaintiff's ability to protect its intellectual property rights and maintain its business relationships.

60. Defendants' conduct was not privileged, justified, or excused. His actions were willful and malicious, intended to profit at Plaintiff's expense by exploiting Plaintiff's established reputation and business relationships.

61. As a direct and proximate result of Defendants' tortious interference, Plaintiff has suffered significant harm, including but not limited to: Loss of sales and revenue due to diverted business opportunities; Damage to its reputation and goodwill, as consumers mistakenly associate counterfeit goods with Plaintiff's brand; Impairment of its business relationships with customers, which rely on Plaintiff's ability to deliver authentic and trusted products. Equity and good conscience require that the Defendants disgorge all profits and other financial benefits unjustly obtained through their wrongful conduct.

62. Plaintiff seeks actual and compensatory damages for the financial and reputational harm caused by Defendants' interference. Plaintiff further seeks punitive damages to deter Defendants and others from engaging in similar wrongful conduct, as well as any other equitable relief this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

a. Preliminary and permanent injunctive relief prohibiting Defendants from further infringing, unfair competition, and deceptive practices;

b. Statutory damages under the Lanham Act and Copyright Act;

c. Actual damages, including lost profits and compensation for reputational harm;

d. Treble damages for willful violations of the Lanham Act under 15 U.S.C. § 1117;

e. Disgorgement of Defendants' profits from infringing activities;

f. Attorneys' fees, costs, and expenses under 15 U.S.C. § 1117, 17 U.S.C. § 505, and/or 6 *Del. C.* 2533(b);

g. An order requiring the destruction or forfeiture of all infringing materials in Defendants possession custody or control;

h. Restitution for unjust enrichment under Delaware law;

i. Pre-judgment interest at the maximum legal rate;

j. Post-judgment interest at the maximum legal rate;

k. Awarding Plaintiff the costs of this action; and

l. All other and further relief the Court deems just and equitable.

Dated: February 19, 2025

                                    **SMITH, KATZENSTEIN & JENKINS LLP**

                                    */s/ Daniel A. Taylor*
                                    Neal C. Belgam (No. 2721)
                                    Daniel A. Taylor (No. 6934)
                                    1000 West Street, Suite 1501
                                    Wilmington, DE 19801
                                    (302) 652-8400
                                    nbelgam@skjlaw.com
                                    dtaylor@skjlaw.com

                                    *Counsel for Plaintiff Global Brother SRL*